UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. CHANNEN,<br><br>           Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | ) Case No. CV 12-4635-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when he: 1) failed to properly evaluate Plaintiff's mental impairment; 2) rejected his treating doctor's opinion; and 3) found that he was not credible. For the reasons explained below, the Court concludes that the ALJ did not err.[1]

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant, pursuant to Fed. Rule Civ. Pro. 25(d).

## II.  SUMMARY OF PROCEEDINGS

In August 2008, Plaintiff applied for DIB and SSI, alleging that he had been unable to work since August 2005, due to paranoid schizophrenia, depression, and a mood disorder. (Administrative Record ("AR") 68, 73, 159-69.)  The Agency denied the applications initially and on reconsideration. (AR 62-65.)  Plaintiff then requested and was granted a hearing before an ALJ. (AR 80.)  On October 25, 2010, he appeared with counsel and testified at the hearing. (AR 27, 30-38.)  On December 1, 2010, the ALJ issued a decision denying the application for benefits. (AR 11-19.)  Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5, 7.)  This action followed.[2]

## III.  ANALYSIS

A.  <u>The Mental Impairment Finding</u>

Plaintiff contends that the ALJ failed to properly evaluate his mental impairment because he did not follow the special technique set forth in 20 C.F.R. §§ 404.1520a and 416.920a. (Joint Stipulation ("JS") at 4-5, 14.)  For the reasons outlined below, the Court concludes that the ALJ did not err.

Agency regulations mandate that ALJs follow a special technique when evaluating mental impairments.  20 C.F.R. §§ 404.1520a and 416.1520a.  This technique requires separate evaluations on a point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration,

---

[2] Plaintiff previously filed applications for DIB and SSI that were denied by an ALJ in a written decision dated April 21, 2008. (AR 51-57.)  The ALJ in the case at bar declined to reopen those prior applications. (AR 11.)  Plaintiff does not challenge this decision.

persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(c)(3)-(4) and 416.1520a(c)(3)-(4). At the initial and reconsideration levels, these steps must be documented in a Psychiatric Review Technique Form ("PRTF"); at the ALJ hearing and Appeals Council levels they must be documented in the decisions. 20 C.F.R. §§ 404.1520a(e) and 416.1520a(e). Moreover, "the Social Security Regulations require the ALJ to complete a PRTF and append it to the decision, or to incorporate its mode of analysis into the ALJ's findings and conclusions." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011).

    Here, the ALJ did not err in his evaluation of Plaintiff's mental impairment because it is clear from his decision that he incorporated the special technique's mode of analysis into his findings and conclusions. Specifically, the ALJ determined that Plaintiff's psychotic disorder was severe but that it did not meet or equal any of the listed impairments. (AR 14.) In assessing Plaintiff's RFC, the ALJ found a moderate impairment in attention and concentration, limited Plaintiff to simple, repetitive tasks, and provided that Plaintiff should work alone with only occasional public contact. (AR 14.) In analyzing the medical evidence, the ALJ adopted the opinion of examining physician Dr. Norma Aguilar that Plaintiff had no limitations in his daily activities. (AR 16, 283.) While the ALJ did not make an explicit finding regarding episodes of decompensation, there is no documentation of any episodes in the medical record and Plaintiff does not argue that he suffered one.[3] As a result, any

---

[3] The only indication in the record of any episodes of decompensation is contained in the opinion of Plaintiff's treating
(continued...)

error by the ALJ in failing to explicitly note the absence of any episodes of decompensation was harmless. *See Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding error that does not affect ultimate disability determination is harmless). In short, the ALJ's analysis of Plaintiff's mental impairment complied with 20 C.F.R. §§ 404.1520a and 416.1520a.

B.   The Treating Physician's Opinion

Plaintiff contends that the ALJ erred by rejecting the opinion of his treating psychiatrist, Dr. A.C. Blakes, in favor of the opinions of the examining psychiatrist, Dr. Aguilar, and the State agency reviewing physicians. (JS at 15-18, 21-22.)  For the reasons discussed below, the Court concludes that the ALJ did not err.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (*quoting Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))).  For this reason, a treating doctor's opinion that is well-supported and consistent with other substantial evidence in the record will be given controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  An ALJ may, however, reject a treating doctor's opinion that is contradicted by another doctor's opinion for "'specific and legitimate reasons' supported by substantial evidence

---

[3] (...continued)
physician but, as discussed below, this opinion was based solely on Plaintiff's report to the doctor and was properly rejected by the ALJ.

in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (*quoting Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff was seen only once by Dr. Blakes, his treating psychiatrist, on November 24, 2009. (AR 364.) In a Mental Impairment Questionnaire dated January 13, 2010, Dr. Blakes opined that Plaintiff had marked difficulties in social functioning; frequent deficiencies in concentration, persistence, or pace; repeated episodes of decompensation; and would have to miss work more than three times a month. (AR 364-67.) He also indicated that Plaintiff's symptoms included sleep disturbance; personality change; mood disturbance; emotional lability; delusions or hallucinations; oddities of thought, perception, speech, or behavior; social withdrawal or isolation; blunt, flat, or inappropriate affect; manic syndrome; obsessions or compulsions; paranoia or inappropriate suspiciousness; and difficulty thinking or concentrating. (AR 364-65.) Dr. Blakes further opined that Plaintiff's prognosis was fair-to-good with regular treatment and follow-up. (AR 366.)

Dr. Aguilar examined Plaintiff on October 2, 2008, and opined that he was only mildly limited in his ability to respond to changes in a routine work setting and to respond to work pressure in a usual setting. (AR 280-84.) A State agency reviewing physician, Dr. Preston Davis, completed a Mental Residual Functional Capacity Assessment on October 22, 2008, and opined that Plaintiff should be limited to simple, repetitive tasks. (297-99.) Dr. Davis' opinion was confirmed by another State agency physician, Dr. R.E. Brooks, on February 24, 2009. (AR 332.)

The ALJ rejected Dr. Blakes' opinion in favor of the opinions of Drs. Aguilar, Davis, and Brooks on the grounds that: (1) it was

5

inconsistent with the records from Plaintiff's mental health treatment facility; (2) Dr. Blakes saw Plaintiff only once and the notes from this visit did not support the limitations expressed in his opinion; and (3) his opinion was internally inconsistent because he indicated "extreme limitations" but assessed a Global Assessment of Functioning or "GAF" score of 60, indicating "moderate, bordering on mild, symptomatology and/or impairment."[4] (AR 17.) These are specific and legitimate reasons for questioning a doctor's opinion, *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of treating doctor's opinion that was internally inconsistent); *Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995) (affirming rejection of treating doctor's opinion expressed in letter that was inconsistent with doctor's own findings); and *Magallanes v. Bowen,* 881 F.2d 747, 751-54 (9th Cir. 1989) (upholding ALJ's rejection of treating doctor's opinion that was contradicted by evidence in the record), and they are supported by the record. There is no indication in any of the treatment notes that Plaintiff was as limited as Dr. Blakes opined. Rather, the notes show that Plaintiff was largely asymptomatic with only mild paranoia that had been adequately controlled with medication. (AR 270-79, 369-78, 380-99.) Further, the ALJ properly rejected Dr. Blakes' opinion of Plaintiff's

---

[4] A GAF score is the clinician's judgment of the individual's overall level of functioning. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision (2005) ("DSM-IV-TR") at 32-33. A GAF score of 51-60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." DSM-IV-TR at 34.

extreme limitations because it was unsupported by the chart note from his one visit with Plaintiff where the doctor reported that Plaintiff had adequate sleep, good mood for most of the day, and only mild paranoia. (AR 370.) Finally, the record supports the ALJ's finding that Dr. Blakes' opinion was internally inconsistent because, while he found Plaintiff suffered from extreme limitations, he assessed a GAF score of 60, indicating only moderate to mild symptoms. In short, the ALJ's rejection of Dr. Blakes' opinion is supported by substantial evidence and will not be disturbed.

C. <u>Credibility Finding</u>

Plaintiff argues that the ALJ erred when he found that Plaintiff was not credible. (JS at 22-26, 31.) For the following reasons, the Court disagrees.

ALJs are tasked with judging the credibility of witnesses. In making these credibility determinations, they may employ ordinary credibility evaluation techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, where a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear, and convincing reasons, *id.* at 1283-84, which are supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff testified that he was unable to work due to his inability to concentrate and his paranoia. (AR 30-32.) He explained that he was hospitalized for mental health treatment when he was younger but had not been hospitalized in the last three years. (AR 32.) He also explained that medication helped "a little" with his

paranoia.  (AR 32.)  Plaintiff reported that he had smoked marijuana in the past but had stopped using it in June 2008.  (AR 33.)  Plaintiff testified that he lived with his girlfriend and did not help around the house with chores.  (AR 33.)  Finally, Plaintiff reported that he attended group therapy for six months but stopped attending because he was told that he "had to stop going."  (AR 35.)

   The ALJ found that Plaintiff's testimony was "out of proportion to the objective findings" and inconsistent with the treatment Plaintiff received.  (AR 18.)  The ALJ noted that Plaintiff's "psychiatric condition has been well maintained" with medication and that "[i]t is reasonable to assume that if [Plaintiff] were experiencing the disabling problems alleged, he would have received more aggressive treatment."  (AR 18.)  The ALJ also found that Plaintiff's testimony was inconsistent with his report to Dr. Aguilar that he was "able to run errands, shop, manage his own money, watch television and exercise."  (AR 18.)  Finally, the ALJ concluded that, while Plaintiff alleged paranoia, "he admits going out with his girlfriend as well as going to group therapy."  (AR 18.)

   These are valid reasons for questioning a claimant's testimony.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding lack of objective medical evidence to support claims is a factor ALJ can consider in evaluating claimant's testimony); *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004) (upholding ALJ's finding that claimant was not credible where he contended that he could not work because of pain but was able to tend to his animals, walk outdoors, go out for coffee, and visit with neighbor); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding inconsistency between allegations of severe pain and conservative treatment was proper basis for discounting

credibility). Furthermore, these reasons are supported by substantial evidence in the record. Though Plaintiff had reported bouts of paranoia and depression to various doctors and clinicians, the treatment notes indicate that his symptoms were adequately controlled with medication. Moreover, Plaintiff's conservative treatment--i.e., medication and group therapy--also suggested that he was not as impaired as he claimed. Finally, his claims of debilitating psychiatric symptoms were inconsistent with his ability to run errands, shop, watch television, exercise, and manage his own funds. In sum, the ALJ provided clear and convincing reasons that were supported by substantial evidence for discounting Plaintiff's credibility. As a result, this finding is affirmed.

## IV. CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: July 24, 2013.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\CHANNEN, 4635\Memorandum Opinion and Order.wpd